UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUPUR SAHAI,<br>Plaintiff,<br>v.<br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | Case No. 24-cv-07791-NC<br>**PRETRIAL PREPARATION ORDER** |

On August 5, 2026, the Court held a Pretrial Conference in this matter, attended by counsel for both parties. This Order (1) summarizes the matters discussed during the pretrial conference, as well as other common trial-related issues, and (2) requires the parties to, by September 1, 2026, file Joint Trial Readiness binders.

A further pretrial conference is scheduled for September 15, 2026, at 11:30 a.m. By September 8, 2026, the parties should indicate to the Court whether they wish to have the pretrial conference in person or by Zoom Video. A jury trial is scheduled to begin on September 22, 2026.

## I. MATTERS DISCUSSED DURING THE PRETRIAL CONFERENCE AND OTHER COMMON ISSUES

- Prospective Juror Questionnaire. Prospective jurors will be sent a Survey Monkey Questionnaire. Survey Monkey Questionnaire responses will be

United States District Court
Northern District of California

emailed to the trial attorneys for each side at the same time before jury selection, approximately on or around September 14, 2026. The Court may consider hardship challenges for prospective jurors in the week before trial and will issue additional procedural guidance after the questionnaires are reviewed. All juror survey responses must be returned or certified destroyed within 30 days after the end of the case.

- Motions in Limine. The parties must file their motions in limine by September 1, 2026, with responses due by September 8, 2026. No party may file a reply or include attachments without leave of Court. The total number of pages each party submits for all motions and all responses must not exceed 15 pages. While it is up to each party to decide how much space to allocate for their motions and how much for their responses, the parties must each stay within the 15-page limit (e.g., a party can allocate 9 pages for their motions and 6 pages for their responses). The Court will hold a hearing on the motions in limine at the September 15, 2026, pretrial conference.
- No additional filed motions during trial without meet and confer with opposing counsel and leave of Court. Trial is not intended to be an ambush. If any party wishes to file a written motion during trial, they must first meet and confer with the opposing side and receive leave of Court. Surprise motions filed in the middle of the night during trial are especially disfavored.
- Each side will be allowed up to 15 hours total for trial. The Court denied Plaintiff's request for additional time. What activities count toward permitted trial time? Upon the start of opening statements, the trial clock will be running while Court is in session. The reading of jury instructions and the jury instructions charging conferences do not count. The courtroom deputy will track the time for each side, and the parties may ask her how much time remains.
- Depositions designated to be used in lieu of live testimony will be counted

towards that parties' time.

- No jury questions to witnesses will be allowed.
- Trial schedule. Juror voir dire will begin September 22, 2026, at 9:30 a.m. Opening statements will begin on September 23, 2026, at 9:30 a.m. The typical trial day will run from 9:30 a.m. to 4:30 p.m., with a break for lunch typically from 12:30 p.m. to 1:30 p.m. Starting on October 1, 2026, the Court will have criminal calendar everyday at 1:00 p.m.
- Voir Dire. A jury of 8 will be selected, with zero alternates. The Court will call approximately 20 prospective jurors into the courtroom at a time. The Court will direct voir dire for each group first. Then the attorneys for each side will be allowed 20 minutes of voir dire per jury group. The Court will consider "for cause" challenges by each side next. Then each side gets 3 peremptory challenges total. The peremptory challenges will not be refreshed after the first group of 20 jurors. Peremptory challenges will be processed in this sequence: (1A) Plaintiff; (1B) Defense; (2A) Defense; (2B) Plaintiff; (3A) Plaintiff; (3B) Defense. A party may pass. A pass will count as a peremptory challenge. If the parties consecutively pass in the same round, the peremptory process ends and there will be no more peremptory challenges. Counsel must be familiar and compliant with the *Batson* standards and procedure. The Court will inquire if there are any *Batson* motions immediately after the peremptory challenges.
- Sidebars during trial. The parties may request to discuss an issue with the Court without the jury present at a break.
- The Court will issue proposed opening jury instructions approximately a week before trial and, later, proposed closing jury instructions and jury verdict forms.
- Notice For Witnesses and Demonstrative Exhibits. The parties are encouraged to confer and file a stipulation regarding notice for witnesses and demonstrative exhibits.
- The Court will not be inclined to allow witnesses or evidence at trial that was



United States District Court
Northern District of California

United States District Court
Northern District of California

not previously disclosed at the Pretrial Conference.

- Settlement. The parties are reminded to contact Judge DeMarchi's courtroom deputy to schedule a further settlement conference if desired.
- Trial Transcripts. The parties submitted transcript orders before this case was transferred to the undersigned. ECF 117, 121. If the parties still wish to order trial transcripts, they must resubmit their orders by September 1, 2026. Instructions on how to file a transcript order using Form CAND-435 are available at: www.cand.uscourts.gov/transcripts.
- Electronic Equipment. The parties previously submitted a stipulation regarding use of electronic equipment during trial before this case was transferred to the undersigned. ECF 120. If the parties wish to use electronic equipment or other large items, they must refile the request and proposed order with the Court by September 1, 2026. Equipment not provided by the Court must be tested in the courtroom prior to trial. Arrangements may be made with the Courtroom Deputy, Lili Harrell, at (408) 535-5343.

## II. JOINT TRIAL READINESS BINDER

The parties are ordered to provide the Court with two copies of a Joint Trial Readiness Binder. The documents and binder are due by September 1, 2026, at 12:00 p.m. at the San Jose Courthouse.

The Joint Trial Readiness Binders must each contain an index and copies of filed documents with an ECF header reflecting the item's docket number and filing date, including:

### A. Joint Statement of the Case

The parties must submit a jointly agreed-upon summary of the case, not to exceed one page. This statement of the case will be read to the jury at jury selection. If the parties cannot agree on a statement, each party must submit its own one-page statement.

### B. Proposed Order Re: Trial Stipulations

The Court expects that the parties will agree to a variety of stipulations regarding

United States District Court
Northern District of California

the conduct of the trial. A proposed order outlining all such stipulations must be presented to the Court.

**C. Updated Witness Lists**

The parties must submit an updated list of all witnesses likely to be called at trial (other than solely for impeachment or rebuttal), with a brief statement following each name describing the substance of the testimony to be given and a time estimate of the direct and cross examinations. This information must be presented in chart format and organized by party. Witnesses who will be testifying as experts should be identified as such and included in a separate expert witness list (see below).

**D. Updated Expert Witness Lists**

The parties must submit an updated list of all expert witnesses with a summary that clearly describes the expert's theories and conclusions, a curriculum vitae, and expert reports. Witnesses not included on the list may be excluded from testifying.

**E. Updated Exhibit Lists Annotated with Stipulations and Objections**

The parties must submit an updated list of all documents and other items to be offered as exhibits at trial (other than solely for impeachment or rebuttal), with a brief description of each exhibit's contents and the identity of each sponsoring witness. If both parties intend to use an exhibit, it should be marked as such. As applicable, the exhibit list must specify whether the parties stipulate to admit the exhibit or the grounds for any objections to the exhibit. The exhibit list must also include an additional column so that the Court can track the date on which each exhibit is admitted. Prior to submitting the list, the parties must meet and confer and attempt to stipulate as to the admissibility of each exhibit. This information must be presented in chart format and organized numerically.

**F. Updated List of Discovery Excerpts**

The parties submitted a joint statement regarding Plaintiff's request to use interrogatory responses at trial. ECF 130. The parties must meet and confer further to attempt to resolve the identified disagreements in their filing, and submit a single proposed order as discussed below.

To the extent the parties wish to use additional discovery excerpts at trial, the parties must list those excerpts from depositions, interrogatory answers, or responses to requests for admission (other than those solely for impeachment or rebuttal). Prior to submitting the list, the parties must meet and confer and attempt to resolve any disagreements regarding designations or counter-designations. The parties must: (1) identify any remaining legal objections to the excerpts on the list itself, and (2) attach copies of the disputed excerpts in a separate appendix so that the Court can review the disputed materials. The parties must provide a single proposed order with each disputed designation to enable the Court to rule on whether permission to use each excerpt is granted, granted with modification, or denied.

**G. Updated Proposed Verdict Form**

The Court is in receipt of the parties' individual proposed verdict forms. ECF 123, 125. The parties must meet and confer further and include an updated joint proposed verdict form with the questions arranged in a logical sequence. If the parties still cannot agree on a verdict form, each party must resubmit its own proposed form.

**H. Electronic Copies of Trial Documents**

The parties must send ncpo@cand.uscourts.gov an electronic copy, in Word format, of the following documents listed above: (1) Proposed Order Re: Trial Stipulations, and (2) Proposed Order Re: Discovery Excerpts.

**I. Stipulations re: Admissibility**

The parties must make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties must make every effort to stipulate to authenticity and foundation absent a legitimate objection.

**J. Exhibits**

Exhibits must be provided to the Court by September 1, 2026, at 12:00 p.m. at the San Jose Courthouse. The parties must provide two sets of exhibits in binders with exhibits marked, tabbed, and indexed. Exhibit binders may be delivered or mailed directly to Chambers in San Jose. The parties must coordinate with the Courtroom Deputy for

United States District Court
Northern District of California

other delivery. Each exhibit in the binder must be pre-marked with an exhibit tag placed in the top right corner of the first page of a document. The exhibit tags must be a color other than white. A page of blank trial exhibit tags can be found on the Court's website. If an exhibit is a physical object (rather than a document), the parties should take a picture of the object and include the picture in the binder. Audio and video exhibits should only include those portions of the audio and video that the parties intend to offer into evidence. Upon the conclusion of the trial, each party must retain its exhibit through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

***i. Filing Exhibits After Trial***

Pursuant to Civil Local Rule 5-1(g), the parties must electronically file all exhibits admitted during trial within ten days of a verdict. The parties should familiarize themselves with the various provisions of Local Rule 5-1(g), including the process for redacting any information prior to filing in accordance with Local Rule 79-5(d). As to Local Rule 5-1(g)(4)'s provision for filing digital exhibits not supported by CM/ECF, the parties should submit one manual filing of a USB drive(s) with the digital exhibits to the Clerk's Office rather than upload the digital exhibits to an online location.

**IT IS SO ORDERED.**

Dated: August 6, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge