UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NUPUR SAHAI,
Plaintiff,
v.
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Defendant.

Case No. 24-cv-7791 NC

**ORDER GRANTING IN PART AND DENYING IN PART LINCOLN'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(A)**

Re: ECF 205

After the close of Plaintiff Nupur Sahai's evidence and before the case was submitted to the jury for deliberations, Defendant Lincoln National Life Insurance Company moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) on Plaintiff's claim for punitive damages. ECF 205. At a hearing on the motion, Lincoln additionally moved for judgment under Rule 50(a) as to Plaintiff's claim for breach of the implied obligation of good faith and fair dealing. At the hearing, Plaintiff opposed the motion on all grounds and the Court took the motion under submission. The Court now resolves the Rule 50(a) motion, granting as to whether Plaintiff has presented evidence of misconduct by an officer, director, or managing agent of Lincoln; and denying as to whether Plaintiff has presented evidence to support the bad faith claim and whether there is evidence of malice, oppression, or fraud.

Rule 50(a) requires a court to render judgment as a matter of law when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. Fed. R. Civ. P. 50(a); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The standard for judgment as a matter of law under Rule 50 mirrors the standard for summary judgment under Rule 56. Thus, the court must review all of the evidence in the record, drawing all reasonable

United States District Court
Northern District of California

United States District Court
Northern District of California

inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. *Reeves*, 530 U.S. at 150 (citations omitted). The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. *Id.* "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

First, the Court considers the motion as to the breach of the implied covenant claim. The Court at ECF 92 previously considered and denied Lincoln's motion for partial summary judgment against this claim. The Court reaches the same conclusion here upon review of the trial record as a whole. A reasonable jury would have a legally sufficient evidentiary basis to find for Nupur Sahai on this claim. There are multiple factual disputes for the jury to determine, including whether Lincoln conducted a full, fair, prompt, and thorough investigation of Nupur Sahai's long-term disability claim.

Second, relatedly, the Court finds that as to Plaintiff's claim for punitive damages under California law and Cal. Civ. Code § 3294, a reasonable jury would have a legally sufficient evidentiary basis to find Lincoln guilty of oppression, fraud, or malice.

Finally, the Court considers whether Plaintiff has presented any evidence of corporate misconduct by an officer, director, or managing agent of Lincoln. "Corporations are legal entities which do not have minds capable of recklessness, wickedness, or intent to injure or deceive. An award of punitive damages against a corporation therefore must rest on the malice of the corporation's employees." *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000). "But the law does not impute every employee's malice to the corporation." *Id.* Instead, California's punitive damage statute, Cal. Civil Code § 3294(b), requires proof of malice among corporate leaders: the "officer[s], director[s], or managing agent[s]." "By so confining liability, the statute avoids punishing the corporation for malice of low-level employees which does not reflect the corporate 'state of mind' or the intentions of corporate leaders. This assures that punishment is imposed only if the corporation can be fairly be viewed as guilty of the evil intent sought to be punished." *Cruz*, 83 Cal. App. 4th

at 167. "'[T]o award [punitive] damages against the master for the criminality of the servant is to punish a man for that of which he is not guilty.'" *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 569 (1999) (citations omitted).

In *White*, the California Supreme Court defined "managing agent" narrowly. *White*, 21 Cal. 4th at 573. The "managing agent" must "be more than a supervisory employee." *Id*. "The managing agent must be someone who exercises substantial discretionary authority over decisions that ultimately determine corporate policy." *Id.* By selecting the term "managing agent," and placing it in the same category as "officer" and "director," the California Legislature intended to limit the class of employees whose exercise of discretion could result in a corporate employer's liability for punitive damages. Significant in that case was whether a supervisor had "authority to establish or change the company's business policies." *White*, 21 Cal. 4th at 574.

Here, Plaintiff has not presented evidence of corporate misconduct by an officer, director, or managing agent of Lincoln. At the hearing, Plaintiff's counsel conceded that they have no evidence of wrongdoing by an officer of director of Lincoln. The inquiry thus turns to whether a "managing agent" of Lincoln committed misconduct. At the hearing, Plaintiff conceded that witness Michelle Borboa is not a "managing agent." Borboa is a case manager who processed LTD claims and administered benefits. Witness Robert Digiandomenico is also not a managing agent. He is a manager who oversees LTD claims for the University of California account and is Borboa's supervisor. Yet Plaintiff introduced no evidence upon which a reasonable jury could find that he exercises substantial discretionary authority over Lincoln's corporate policy. Finally, witness Mathew Schaapveld had no personal involvement in Plaintiff's claim or knowledge of her claim prior to this litigation. And the Court finds that there is no evidence that Schaapveld is a managing agent for Lincoln.

At hearing, Plaintiff argued that Lincoln had "ratified" the misconduct by its employees. The Court considered the two authorities cited by Plaintiff, but these cases are factually distinct from the evidence presented by Dr. Sahai. *Hart v. National Mortg. &*

United States District Court
Northern District of California

*Land Co.*, 189 Cal. App. 3d 1420, 1432-33 (Ct. App. 1987); *College Hosp. Inc. v. Super. Ct.*, 8 Cal. 4th 704, 722, 726 (1994), as modified (Nov. 23, 1994). There, the court reiterated that "with respect to a corporate employer, the offending conduct must be on the part of an officer, director, or managing agent of the corporation." *College Hosp.,* 8 Cal. 4th at 722 (internal citations and quotations omitted). "Corporate ratification in the punitive damages context requires actual knowledge of the conduct and its outrageous nature." *Id.*

In sum, without presenting evidence that a corporate officer, director, or managing agent had actual knowledge of the alleged misconduct and approved it, there is no ratification. Because no reasonable jury could find that Plaintiff has satisfied the requirement of showing misconduct by an officer, director, or managing agent, the Court grants judgment as a matter of law in Lincoln's favor on Plaintiff's punitive damage claim.

**IT IS SO ORDERED.**

Dated: September 29, 2026

NATHANAEL M. COUSINS
United States Chief Magistrate Judge