United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUPUR SAHAI,<br>Plaintiff,<br>v.<br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | Case No. 24-cv-07791-NC<br>**VERDICT FORM** |

*VERDICT FORM INSTRUCTIONS*

*Please answer the numbered questions. At the end of each question place an "X" in the space to the left of "Yes" or "No" to indicate your unanimous finding as to that question. Instructions are provided after each question in italicized font to direct you to the next question you are required to answer. Do not answer any question unless you are instructed to do so. Please begin by answering Question 1.*

United States District Court
Northern District of California

**PART 1**

**Breach of Contract**

1. Did Nupur Sahai do all, or substantially all, of the significant things that the contract required her to do?

__X__ Yes _______ No

*If your answer to Question 1 is yes, then answer Question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

2. Was Nupur Sahai, as of May 20, 2023, and thereafter, as a result of injury or sickness, unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue her Own Occupation in the usual and customary way?

__X__ Yes _______ No

*If your answer to Question 2 is yes, then answer Question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

3. Did Lincoln fail to pay Nupur Sahai long-term disability benefits owed under the contract?

__X__ Yes _______ No

*If your answer to Question 3 is yes, then answer Question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

United States District Court
Northern District of California

4. Was Nupur Sahai harmed?

X Yes ______ No

*If your answer to Question 4 is yes, then answer Question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

5. Was Lincoln's failure to pay benefits a substantial factor in causing Nupur Sahai's harm?

X Yes ______ No

*If your answer to Question 5 is yes, then answer Question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

6. Was Nupur Sahai's Total Disability after May 20, 2023, if any, caused at least in part by a mental, psychoneurotic, or personality disorder?

X Yes ______ No

*If your answer to Question 6 is no, then skip Question 7 and answer Question 8. If you answered yes to Question 6, then answer Question 7.*

United States District Court
Northern District of California

7. Under the policy's Mental Illness and Substance Abuse Limitation, benefits for a Total Disability caused at least in part by a mental, psychoneurotic, or personality disorder are payable for a combined period of up to 24 months from the date long-term disability benefits began (February 21, 2022). Applying this limitation, through what date, if any, do you find that policy benefits are payable? (Not to exceed February 20, 2024).

From May 21, 2023, through February 20, 2024.

*Proceed to Question 8.*

8. For what date beyond May 20, 2023, if any, do you find that Nupur Sahai remained disabled under the group policy? (Not to exceed the date of your verdict).

From May 21, 2023, through October 1, 2026.

*Please proceed to the next section.*

## PART 2

### Breach of the Implied Obligation of Good Faith and Fair Dealing

1. Was Lincoln's failure to pay policy benefits owed under the terms of the policy beyond May 20, 2023, unreasonable, that is, without proper cause?

_______ Yes ___X___ No

*Please proceed to Question 2.*

2. Did Lincoln fail to conduct a full, fair, prompt, and thorough investigation of all of the bases of Nupur Sahai's claim?

___X___ Yes _______ No

*If your answer to either Question 1 or 2 is yes, then answer Question 3. If you answered no to both Question 1 and Question 2, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

3. Was Nupur Sahai harmed as a result of Lincoln's decision to discontinue her benefits in May 2023?

___X___ Yes _______ No

*If your answer to Question 3 is yes, then answer Question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

4. Was Lincoln's failure to pay policy benefits beyond May 2023 and/or properly investigate the claim a substantial factor in causing Nupur Sahai's harm?

X Yes ______ No

*If your answer to Question 4 is yes, then answer Question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form on page 7.*

5. Through what date, if any, beyond today's date, do you find that policy benefits are owed to Nupur Sahai? (Not to exceed October 16, 2052).

From today's date, through not applicable.

Plaintiff failed to meet the burden of proof by preponderance of the evidence to establish that her Total Disability after May 20, 2023 was not caused at least in part by a mental, psychoneurotic, or personality disorder. Therefore, we have determined that the policy's Mental Illness and Substance Abuse Limitation applies, and determined that policy benefits are payable until February 20, 2024 only.

*Proceed to Question 6.*

6. What are Nupur Sahai's damages for mental suffering and/or emotional distress?

$ 100,000.00

*Please have the presiding juror sign and date this form on page 7.*



United States District Court
Northern District of California

United States District Court
Northern District of California

Date: Oct. 1, 2026 Presiding Juror: Elaine C Holt