Michael Hernandez (SBN 292679)
HHJ TRIAL ATTORNEYS
2175 Salk Avenue, Suite 180,
Carlsbad, CA 92008
mhernandez@hhjtrialattorneys.com

Aaron Dawson (SBN 283990)
Alexandra Dawson (SBN 307004)
DAWSON & ROSENTHAL, P.C.
421 W Broadway, Unit 380,
San Diego, CA 92101

Attorneys for Plaintiff Nupur Sahai, Ph.D.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

NUPUR SAHAI, Ph.D., an individual,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 5:24-cv-07791-NC

**PLAINTIFF'S BRIEF AND CALCULATIONS RE PRE AND POST JUDGMENT INTEREST**

[Doc. 222]

Judge: Hon. Nathanael M. Cousins
Courtroom 5, 4th Floor, San Jose

## I. INTRODUCTION

The Court asked for argument and calculations on pre and post judgment interest. (Doc. 222.) Plaintiff Nupur Sahai, Ph.D. submits both. The jury found that Lincoln owed disability benefits from May 21, 2023 through February 20, 2024. (Doc. 219, Part 1, Q7.) Those benefits are nine monthly payments that Lincoln has had the use of beginning more than three years ago. California law makes interest on them a matter of right at 10% per year. Federal law then adds interest on the whole judgment from the day it is entered. The calculations are in Exhibit A. They are run at each of the conflicting monthly rates the parties have submitted to the Court (Doc. 221), so the Court can enter judgment on whichever rate it selects.[1]

Counsel have conferred. Lincoln disputes that Plaintiff is entitled to prejudgment interest at all. To narrow the issues, however, the parties agree on the following: (1) if the Court awards prejudgment interest, it is limited to the nine monthly benefits the jury found owed, calculated at the monthly benefit amount the Court determines; (2) no prejudgment interest is sought or should be awarded on the $100,000 emotional distress award, attorney's fees or costs, or any benefit rate the Court does not adopt; (3) for purposes of the calculation, each monthly benefit is treated as payable on the last day of the benefit period it covers (June 20, 2023 for the May 21 through June 20, 2023 period, and so on through February 20, 2024), with interest running from the following day; (4) post judgment interest on the amounts included in the judgment (including pre-judgment interest, if awarded) is governed by 28 U.S.C. § 1961, at the applicable federal rate, from the date judgment is entered until paid; and (5) post judgment interest on attorney's fees and costs will not accrue before the Court awards them, with the accrual date to be addressed with that award. What remains for the Court is whether prejudgment interest is owed under Civil Code section 3287 and, as briefed in Doc. 221, the monthly benefit figure on which it is computed.

[1] The parties submitted their conflicting positions regarding the amount of monthly benefits awarded by the jury. (Doc. 221.) But neither the Court's ruling on that issue nor its timing have any impact on the issues discussed herein: the formula for calculating pre- and post-judgment interest is the same, and the calculations presented herein are for all rates proposed by the parties.

## II. PREJUDGMENT INTEREST ON THE POLICY BENEFITS

### A. California law governs, and the rate is 10 percent.

In a diversity case, state law governs prejudgment interest. *Northrop Corp. v. Triad Int'l Marketing, S.A.*, 842 F.2d 1154, 1155-56 (9th Cir. 1988). Interest compensates a plaintiff for the loss of use of money that was owed. *Schneider v. County of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002). Under Civil Code section 3287(a), a person entitled to damages "certain, or capable of being made certain by calculation," which vested on a particular day, is entitled to interest from that day. Prejudgment interest under subdivision (a) is a matter of right. *Lewis C. Nelson & Sons, Inc. v. Clovis Unified School Dist.*, 90 Cal. App. 4th 64, 70 (2001); *Safeway Stores, Inc. v. National Union Fire Insurance Company of Pittsburgh*, 64 F.3d 1282, 1291-92 (9th Cir. 1995).

The Policy contains no provision that stipulates an interest rate for late benefits. Civil Code section 3289(b) therefore sets the rate at 10% per year after breach. Interest is simple, not compounded, in the period before judgment.

### B. The benefits were certain, or capable of being made certain.

Certainty does not require agreement on liability. Section 3287(a) applies "where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Leff v. Gunter*, 33 Cal. 3d 508, 519 (1983). Lincoln's defense at trial went to liability, the jury resolved it against Lincoln, and thus § 3287(a) applies.

What remains is arithmetic. "The fact that National Union disputed the issue of *coverage* does not affect the certainty of Safeway's *damages*." *Safeway*, 64 F.3d at 1291-92 (italics in original). Each monthly benefit is a fixed percentage of an earnings figure drawn from the Policy and from pay records that Lincoln itself holds. Lincoln calculated the benefit in 2022 and paid it for fifteen months. It now tells the Court that the total for the awarded period is $33,170.13. (Doc. 221 at 7-8.) A defendant who can state the exact sum it owed cannot say that sum was unknowable. The test is whether the defendant knew the amount or could have computed it from reasonably available information. The amount here was in Lincoln's file.

The only open question (the monthly rate) is a question of Policy construction the parties submitted to the Court as a matter of law. (Doc. 221.) It does not depend on conflicting evidence or facts withheld by the claimant. The uncertainty in this case was never the amount of a monthly benefit, but how many months are owed — a question of liability decided installment by installment. Interest is sought only on the installments the jury found due, and the amount of each one is the figure Lincoln itself computed. "Once an applicant's entitlement to benefits is established, the calculation of the amount of such benefits becomes a mechanical exercise … The recovery of wrongfully withheld benefits thus is not subject to the uncertainty that would otherwise bar an award of interest." *Leff*, 33 Cal. 3d at 519-20 (quoting *Tripp v. Swoap*, 17 Cal. 3d 671, 682 (1976)). Nor does the parties' disagreement over the rate change that. Where an insurer offers alternative theories of lesser liability but "also suggest[s] a specific amount due … under each theory," the extent of its exposure "remain[s] purely a question of law" and the insurer "could neither confuse the magnitude of its obligation nor alter applicable law." *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1173-74 (1991). Lincoln has told the Court the exact sum it owes under its reading ($33,170.13). The exact sum under Plaintiff's ($44,226.81) follows the same arithmetic. Whichever rate the Court selects, the figure was always computable from the Policy and Lincoln's file.

Lincoln already conceded the floor, admitting that at least $3,685.57 per month was payable for each of the nine months. Whether the Court accepts Lincoln's proposed monthly payment or Plaintiff's ($4,914.09), section 3287(a) controls the interest owed on that amount, because the Court's selection fixes a sum that was always computable from the Policy. In the alternative, section 3287(b) permits the Court, in its discretion, to award interest on any portion it deems unliquidated from a date no earlier than the action was filed (September 30, 2024). Plaintiff asks that any such discretionary interest run from that date.

**C. Accrual.**

The Policy's "Time of Payment of Claim" clause (Tr. Ex. 1 at 42) promises that "all accrued indemnity for benefits will be paid … Monthly." So, interest runs and accrues monthly, installment by installment. The benefit months run from the 21st of one month through the 20th

of the next, beginning May 21, 2023 and ending February 20, 2024. The parties agree, for purposes of this calculation, that each installment is treated as due on the last day of the monthly period it covers, with interest starting the following day. Interest is computed on a 365-day year through October 13, 2026, with a per diem so the Court can update the figure to the date of entry.

Plaintiff does not seek (and California does not allow) prejudgment interest on the $100,000 award for emotional distress. Plaintiff *does* seek post judgment interest on it.

**D. Results.**

Prejudgment interest to October 13, 2026 (Exhibit A, Table 1):

| Monthly benefit rate | Benefits (9 months) | Interest to 10/13/26 | Total | Per diem |
|---|---|---|---|---|
| $4,914.09 (Plaintiff, Doc. 221) | $44,226.81 | $13,180.52 | $57,407.33 | $12.12 |
| $4,541.40 (Plaintiff, alternative) | $40,872.60 | $12,180.91 | $53,053.51 | $11.20 |
| $3,685.57 (Lincoln, Doc. 221) | $33,170.13 | $9,885.41 | $43,055.54 | $9.09 |

## III. POST JUDGMENT INTEREST

The parties agree that Post judgment interest in federal court is governed by 28 U.S.C. § 1961. It "shall be allowed on any money judgment in a civil case recovered in a district court," calculated from the date of entry at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding entry, computed daily and compounded annually. 28 U.S.C. § 1961(a), (b). Federal law, not Civil Code § 3289 or Code of Civil Procedure § 685.010, supplies the rate once judgment is entered. *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023-24 (9th Cir. 2004); *Northrop*, 842 F.2d at 1155-56. The Policy contains no waiver of § 1961.

Section 1961 interest runs on the entire money judgment. That includes the benefits, prejudgment interest, and the $100,000 awarded for emotional distress. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290-91 (9th Cir. 1995). The rate is fixed by the statute on the date of entry, so Plaintiff cannot state a final number today. Exhibit A, Table

2 gives the per diem for each one percentage point of the § 1961 rate under each scenario. The Court can multiply by the published rate once judgment is entered. Plaintiff will file the published Federal Reserve H.15 figure for the week preceding entry on request. Any award of attorney's fees and costs is reserved to the Court (Doc. 159, Stipulation No. 3). The parties agree that post judgment interest on fees and costs will not accrue before the Court awards them; the accrual date will be addressed with that award.

## IV. CONCLUSION

With the parties' agreement on method, the open questions on interest are whether prejudgment interest is owed and the monthly figure on which it runs. Plaintiff asks the Court to (1) fix the monthly benefit as requested in Doc. 221; (2) award prejudgment interest on each monthly benefit at 10% per year under Civil Code §§ 3287(a) and 3289(b), as calculated in Exhibit A and updated by the stated per diem to the date of entry; and (3) provide in the judgment for post judgment interest on the full amount under 28 U.S.C. § 1961, from the date of entry until paid.

Dated: October 13, 2026

DAWSON & ROSENTHAL, P.C. / HHJ
TRIAL ATTORNEYS

By: /s/ Aaron Dawson
Aaron Dawson
Attorney for Plaintiff Nupur Sahai, Ph.D.