ROBERT HESS (CA SBN 178042)
rhess@maynardnexsen.com
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone: 310.596.4500

MICHAEL MULVANEY (AL SBN 7296M67M)
mmulvaney@maynardnexsen.com
CHARAN M. HIGBEE (CA SBN 148293)
chigbee@maynardnexsen.com
MAYNARD NEXSEN LLP
201 California Street, Suite 400
San Francisco, CA 94111
Telephone: 415.646.4681

Attorneys for Defendant
The Lincoln National Life Insurance Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NUPUR SAHAI, Ph.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-07791-NC<br><br>(Honorable Nathanael M. Cousins, Crtrm. 5, 4th Floor, San Jose Courthouse)<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S SUPPLEMENTAL BRIEF REGARDING PREJUDGMENT AND POST-JUDGMENT INTEREST**<br><br>Trial Dates: Sept. 22 – Oct. 1, 2026<br>Complaint Filed: September 30, 2024 |

## I. INTRODUCTION

A request for prejudgment interest should be denied. Prejudgment interest on state-law claims is governed by California Civil Code section 3287. Subdivision (a) addresses mandatory interest for damages that are certain or capable of being made certain by calculation, while subdivision (b) permits discretionary interest on unliquidated contract claims.

The jury awarded only a narrow period of contract benefits under the group policy's Mental Illness and Substance Abuse Limitation, from May 21, 2023 through February 20, 2024, after Plaintiff sought a far broader benefits period (to age 67). Even after the verdict, the parties disputed the monthly benefit rate that would be used to calculate benefits for that period. Because both components needed to compute the LTD-benefit amount, the payable period and the monthly rate, were not fixed before verdict and judgment, Lincoln could not have known or mechanically calculated the amount owed in advance. Under section 3287(a), that is not a claim for damages "certain, or capable of being made certain by calculation."

Nor should the Court exercise discretion to award prejudgment interest under section 3287(b). The benefit claim was unliquidated, the parties' dispute was bona fide, and the jury's mixed findings confirm that prejudgment interest would operate as a penalty for litigating genuinely contested issues, not as compensation for the delayed payment of a sum Lincoln knew it owed.

The jury found that Lincoln's failure to pay policy benefits owed beyond May 20, 2023 was not unreasonable or without proper cause. The jury found bad faith only on an investigation theory and awarded $100,000 in emotional-distress damages, an inherently unliquidated tort award that cannot support mandatory prejudgment interest and should not support discretionary interest.

Lincoln does not dispute that, once the Court enters a money judgment, post-judgment interest will accrue under 28 U.S.C. section 1961 from the date of entry of judgment at the federal rate on amounts actually included in the judgment. The parties have also narrowed certain calculation issues if the Court awards prejudgment interest. But those agreements do not concede entitlement to prejudgment interest, do not resolve the disputed monthly benefit amount, and do not

support interest on amounts that are not included in the judgment or have not yet been awarded by the Court.

## II. RELEVANT BACKGROUND

The jury returned a mixed verdict. On the contract claim, it found that Plaintiff was disabled as of May 20, 2023 and thereafter, and that Lincoln failed to pay long-term disability benefits owed under the policy. But the jury also found that Plaintiff's total disability after May 20, 2023, if any, was caused at least in part by a mental, psychoneurotic, or personality disorder, and it applied the policy's Mental Illness and Substance Abuse Limitation to find policy benefits payable only from May 21, 2023 through February 20, 2024. See Verdict Form, ECF No. 219, Part 1, Questions 2–7.

On the bad-faith claim, the jury found that Lincoln's failure to pay policy benefits owed beyond May 20, 2023 was not unreasonable or without proper cause. It did find that Lincoln failed to conduct a full, fair, prompt, and thorough investigation of all bases of Plaintiff's claim, and it awarded $100,000 for mental suffering and/or emotional distress. See Verdict Form, ECF No. 219, Part 2, Questions 1–6.

The parties also disputed the monthly LTD benefit rate. Plaintiff's post-verdict position sought a gross monthly benefit of $4,914.09, or at minimum $4,541.40. Lincoln's position is that the correct monthly rate is $3,685.57, based on the July 2021 salary figure of $6,142.61 multiplied by the policy's 60 percent benefit percentage. See Joint Statement re Monthly LTD Benefits at 1–6. Lincoln therefore asked the Court to determine that the benefits awarded by the jury are payable at $3,685.57 per month, for a total of $33,170.13 for the nine months from May 21, 2023 through February 20, 2024, plus prejudgment interest only if the Court determines it is available. Id.

The parties have conferred regarding interest and have narrowed certain issues. Lincoln understands Plaintiff to agree that, if the Court awards prejudgment interest, any such interest is limited to the LTD benefits awarded by the jury for the limited period of May 21, 2023 through February 20, 2024, calculated at the monthly benefit amount determined by the Court, and does not include the $100,000 emotional-distress award, Brandt fees, costs, punitive damages, future

benefits, or any benefit-rate theory the Court does not adopt. The parties also agree that, for purposes of any prejudgment-interest calculation only, each monthly LTD benefit would be treated as payable at the end of the corresponding monthly benefit period, beginning with the May 21 through June 20, 2023 period treated as payable on June 20, 2023, with interest, if awarded, running from the following day for each installment.

The parties further agree that post-judgment interest on amounts actually included in the judgment is governed by 28 U.S.C. section 1961, at the applicable federal rate, from the date judgment is entered until paid. If the Court awards prejudgment interest and includes it in the judgment, post-judgment interest would run on the judgment amount as entered; Lincoln does not, by this agreement, concede that Plaintiff is entitled to prejudgment interest. Finally, Lincoln understands Plaintiff to agree that post-judgment interest on Brandt fees and costs, if any, does not run from the verdict and will not accrue before the Court awards them. If the Court later awards Brandt fees or costs, the parties can address at that time any issue concerning the proper accrual date for post-judgment interest on those later-awarded amounts.

## III. ARGUMENT

### A. Section 3287(a) does not permit mandatory prejudgment interest because the LTD benefits were not certain or capable of being made certain before judgment.

#### 1. <u>The amount of contract benefits depended on disputed factual determinations resolved only by the verdict and post-verdict proceedings.</u>

Section 3287(a) applies only where the plaintiff is entitled to recover "damages certain, or capable of being made certain by calculation," and the defendant actually knew the amount owed or could have computed it from reasonably available information. Cal. Civ. Code § 3287(a); *Glassman v. Safeco Ins. Co. of Am.*, 90 Cal. App. 5th 1281, 1295, 1315–17 (2023); *Warren v. Kia Motors Am., Inc.*, 30 Cal. App. 5th 24, 44–45 (2018). Plaintiff cannot satisfy that standard because Lincoln could not have known, before the verdict, the amount of LTD benefits that would be awarded. Plaintiff sought a materially broader recovery, and the jury materially narrowed the

award by finding that the Mental Illness and Substance Abuse Limitation applied and that benefits were payable only through February 20, 2024. See Verdict Form, ECF No. 219, Part 1, Questions 6–7.

This case therefore fits the rule in Glassman, Warren, Wisper, and Zargarian: where the amount of damages turns on disputed factual determinations and cannot be resolved except by verdict, judgment, or post-verdict calculation, mandatory prejudgment interest is not appropriate. *Glassman*, 90 Cal. App. 5th at 1315–17, 1322–24; *Warren*, 30 Cal. App. 5th at 44–46; *Wisper Corp. v. Cal. Commerce Bank*, 49 Cal. App. 4th 948, 958–62 (1996); *Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216, 1224–25 (C.D. Cal. 2020).

The monthly benefit amount confirms the point. Plaintiff's post-verdict position asks the Court to use either $4,914.09 per month or $4,541.40 per month, while Lincoln maintains that the correct rate is $3,685.57 per month. See Joint Statement re Monthly LTD Benefits (ECF 221) at 1–6. A damages figure that remains subject to a post-verdict dispute over the basic monthly rate is not a sum Lincoln could have calculated with the certainty section 3287(a) requires.

2. <u>The large disparity between the relief Plaintiff sought and the benefits the jury awarded confirms that the amount was not certain.</u>

The disparity between Plaintiff's demand and the verdict independently weighs against section 3287(a) interest. Wisper holds that a large discrepancy between the amount demanded and the eventual award "militates against" finding the certainty required by section 3287. 49 Cal. App. 4th at 960–62. Here, Plaintiff sought far more than the nine months of benefits ultimately found payable, while the jury limited policy benefits to May 21, 2023 through February 20, 2024 under the Mental Illness and Substance Abuse Limitation. See Verdict Form, ECF No. 219, Part 1, Question 7.

This is not a case in which liability alone was disputed and the benefit amount was otherwise mechanical. The jury had to resolve whether benefits were owed after May 20, 2023, whether the mental-illness limitation applied, what date benefits remained payable through, and whether any future benefits were owed. See Verdict Form, ECF No. 219, Part 1, Questions 2–8;

Part 2, Question 5. That verdict-driven narrowing of the claim precludes the finding that damages were certain before trial.

3. <u>*U.S. Fidelity* is distinguishable because the amounts and dates there were discrete and objectively known.</u>

Plaintiff may rely on *U.S. Fidelity & Guaranty Co. v. Lee Investments LLC*, but that case confirms why interest is not mandatory here. In *U.S. Fidelity*, the Ninth Circuit affirmed prejudgment interest because the insurer sought restitution of payments it had actually made, the amount and timing of each payment were reasonably available, and there was "never any uncertainty as to the exact amount and date of each payment" to be restored to the insurer. 641 F.3d 1126, 1139–40 (9th Cir. 2011).

Lincoln's situation is the opposite. The dispute was not a reimbursement claim based on a ledger of payments with fixed dates and amounts. The amount of Plaintiff's recovery depended on the jury's findings regarding disability, the mental-illness limitation, the benefits period, the absence of future benefits, and the Court's post-verdict resolution of the monthly benefit-rate dispute. See Verdict Form, ECF No. 219, Part 1, Questions 2–8; Joint Statement re Monthly LTD Benefits at 1–6.

**B. Section 3287(b) discretionary interest should be denied because the contract-benefit dispute was bona fide and verdict-dependent.**

Section 3287(b) applies to unliquidated contract claims and permits interest only "as the court may, in its discretion, fix." Cal. Civ. Code § 3287(b). Even if the Court characterizes the LTD-benefit award as an unliquidated contract recovery within section 3287(b), the relevant equitable considerations weigh against interest. This case presented a bona fide dispute over disability, policy limitations, the benefit period, and the monthly benefit rate. The jury's mixed findings validate that Lincoln litigated genuine issues; it did not simply withhold an agreed or readily calculable sum.

The jury's bad-faith findings reinforce that discretionary interest would be inequitable. The jury found that Lincoln's failure to pay policy benefits owed beyond May 20, 2023 was not

unreasonable or without proper cause. It found bad faith only on the separate investigation theory. See Verdict Form, ECF No. 219, Part 2, Questions 1–2. Awarding discretionary prejudgment interest on the contract benefits would penalize Lincoln despite the jury's express finding that its nonpayment was not unreasonable.

*Zargarian* supports denial in these circumstances. There, the court declined both mandatory and discretionary prejudgment interest where the defendant could not ascertain damages before settlement, the parties had a bona fide dispute, and the equities did not support penalizing the defendant for litigating the case. 442 F. Supp. 3d at 1224–26. The same principle applies here with greater force after a jury trial that produced a mixed verdict and substantially narrowed Plaintiff's claimed recovery.

**C. Plaintiff is not seeking prejudgment interest on the $100,000 emotional-distress award.**

Plaintiff's counsel has advised that Plaintiff agrees she will not seek prejudgment interest on the $100,000 emotional-distress award. Lincoln therefore understands that the issue is not before the Court, and Lincoln does not ask the Court to decide it unless Plaintiff withdraws or qualifies that agreement.

If Plaintiff withdraws or qualifies that agreement, Lincoln respectfully requests an opportunity to brief the issue. In short, Lincoln's position would be that prejudgment interest is unavailable because the emotional-distress award is an inherently unliquidated noneconomic tort award selected by the jury; Civil Code section 3288 leaves interest on noncontract claims to the jury's discretion; the jury did not award such interest; and adding it after the verdict would enlarge the jury's selected damages figure. Cal. Civ. Code § 3288; *Steinfeld v. Foote-Goldman Proctologic Medical Group, Inc.*, 60 Cal. App. 4th 13, 21–22 (1997).

**D. The parties agree that post-judgment interest is governed by 28 U.S.C. section 1961.**

The parties agree that post-judgment interest on amounts actually included in the judgment is governed by 28 U.S.C. section 1961, at the applicable federal rate, from the date judgment is

entered until paid. Accordingly, there is no dispute that California's 10 percent post-judgment rate does not apply.

By this agreement, Lincoln does not concede Plaintiff's entitlement to prejudgment interest. It simply means that, if the Court awards prejudgment interest and includes it in the judgment, post-judgment interest would run on the judgment amount as entered. The parties also agree that post-judgment interest on Brandt fees and costs, if any, does not run from the verdict and will not accrue unless and until the Court awards them. If the Court later awards Brandt fees or costs, if any, the parties can address at that time any issue concerning the proper accrual date for post-judgment interest on those later-awarded amounts.

**E. Alternatively, any prejudgment interest must be narrowly limited.**

If the Court awards prejudgment interest notwithstanding Lincoln's objections, any such award should be narrowly limited to avoid exceeding the jury's verdict, the policy's benefit calculation, or the statutory basis for interest.

First, if the Court agrees that the LTD-benefit amount became certain only after the Court resolved the post-verdict monthly-benefit dispute, prejudgment interest should be denied. In that circumstance, there was no prejudgment period during which Lincoln knew, or could have mechanically calculated, the amount owed.

Second, if the Court concludes that prejudgment interest on contract benefits is available - and without conceding that Plaintiff is entitled to any such interest - the parties have agreed as follows: that the award should be limited to the nine monthly benefits actually awarded by the jury, calculated at the monthly benefit rate determined by the Court, and; for purposes of any prejudgment-interest calculation only, each monthly LTD benefit should be treated as payable at the end of the corresponding monthly benefit period, beginning with the May 21 through June 20, 2023 period treated as payable on June 20, 2023, with interest, if awarded, running from the following day for each monthly installment.

/ / /

/ / /

Finally, the parties agree that any prejudgment-interest award should exclude the $100,000 emotional-distress award, Brandt fees, costs, and any higher monthly benefit theory rejected by the Court.

## III. CONCLUSION

Lincoln respectfully requests that the Court deny Plaintiff's request for prejudgment interest in full. The Court should enter judgment on the benefits and emotional-distress award, and should provide that post-judgment interest accrues only under 28 U.S.C. section 1961 from the date of entry of judgment, limited to amounts actually included in the judgment.

DATED: October 13, 2026

MAYNARD NEXSEN LLP

By: */s/ Robert Hess*
ROBERT HESS
MICHAEL MULVANEY
Attorneys for Defendant
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY