UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUPUR SAHAI,<br>Plaintiff,<br>v.<br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | Case No. 24-cv-07791-NC<br>**ORDER ENTERING JUDGMENT IN FAVOR OF PLAINTIFF ON THE BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIMS** |

This action came on for trial before a jury, the Honorable Nathanael M. Cousins, United States Chief Magistrate Judge, presiding, beginning on September 21, 2026. The issues having been duly tried and the jury having rendered its verdict on October 1, 2026, ECF 219, and the Court having ruled on Defendant's motion for judgment as a matter of law, ECF 214, IT IS ORDERED as follows:

**A. Breach of Contract**

Judgment is entered in favor of Plaintiff Nupur Sahai, Ph.D. and against Defendant The Lincoln National Life Insurance Company on Plaintiff's claim for breach of contract. The jury found that Plaintiff, as of May 20, 2023, and thereafter, as a result of injury or sickness, was unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue her Own Occupation in the usual and customary way. The jury further found that Lincoln failed to pay Plaintiff long-term disability benefits owed under

the contract, but also found that Plaintiff's Total Disability after May 20, 2023, was caused, at least in part, by a mental, psychoneurotic, or personality disorder. Applying the group policy's Mental Illness and Substance Abuse Limitation, the jury found that policy benefits are payable to Plaintiff for the period from May 21, 2023, through February 20, 2024. The amount of those benefits, without interest, is $44,226.81, based on a monthly benefit of $4,914.09. Plaintiff shall recover that amount from Lincoln on her breach of contract claim.

Plaintiff shall recover prejudgment interest on those benefits under California Civil Code §§ 3287(a) and 3289(b) at 10 percent per annum, in the amount of $13,192.64 computed through October 14, 2026, plus $12.12 per day from October 15, 2026.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Judgment is entered in favor of Plaintiff and against Lincoln on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The jury found that Lincoln's failure to pay policy benefits owed under the terms of the policy beyond May 20, 2023, was not unreasonable, that is, was not without proper cause. The jury did find that Lincoln failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Plaintiff's claim. The jury further found that Plaintiff was harmed as a result of Lincoln's decision to discontinue her benefits in May 2023, and that Lincoln's failure to pay policy benefits beyond May 2023 and/or properly investigate the claim was a substantial factor in causing Plaintiff's harm. In accordance with the jury's verdict, Plaintiff shall recover from Lincoln the sum of $100,000.00 for emotional distress damages.

**C. Punitive Damages**

Pursuant to the Court's Order Granting in Part and Denying in Part Lincoln's Motion for Judgment as a Matter of Law, ECF 214, judgment is entered in favor of Lincoln and against Plaintiff on Plaintiff's claim for relief in the form of punitive damages. Plaintiff shall take nothing on that claim.

United States District Court
Northern District of California

**D. Attorneys' Fees**

Pursuant to the parties' Trial Stipulations and the Court's Order thereon, ECF 159, Stipulation No. 3, the issue of either party's entitlement to attorneys' fees, if any, as well as the amount of any such fees, shall be submitted to and determined by the Court.

**E. Costs**

The issue of either party's entitlement to costs, if any, as well as the amount of any such costs, shall be submitted to and determined by the Court in accordance with Federal Rule of Civil Procedure 54(d) and Civil Local Rules 54-1 through 54-4.

**F. Post-Judgment Interest**

Post-judgment interest shall accrue on the entire money judgment, including the policy benefits, prejudgment interest, and emotional distress damages, at the rate established by 28 U.S.C. § 1961 from the date of entry until paid. Post-judgment interest on the attorneys' fees and costs reserved above shall accrue from the date those amounts are awarded.

The Clerk shall close the file.

The parties are reminded to return or destroy the juror questionnaires within thirty (30) days after the close of the case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge