Aaron Dawson (SBN: 283990)
DAWSON & ROSENTHAL, P.C.
421 W Broadway, Unit 380
San Diego, CA 92101
T: 928-282-3111
aaron@dawsonandrosenthal.com

Michael Hernandez (SBN: 292679)
HHJ TRIAL ATTORNEYS
2175 Salk Avenue, Suite 180
Carlsbad, CA 92008
T: 760-444-0301
F: 877-808-8348
mhernandez@hhjtrialattorneys.com

*Attorneys for Plaintiff*
*Nupur Sahai, Ph.D.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

NUPUR SAHAI, Ph.D., an individual,

Plaintiff,

vs.

LINCOLN FINANCIAL GROUP, INC.,

Defendant.

Case No.: 5:24-CV-07791-NC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO MAINTAIN CERTAIN TRIAL EXHIBITS, DEPOSITION EXCERPTS AND OTHER MATERIALS UNDER SEAL (Doc. 224)**

(Honorable Nathanael M. Cousins, Courtroom 5, 4th Floor)

Trial Date: September 21, 2026

## INTRODUCTION

Lincoln tried this case in a public courtroom. It now seeks to hide the evidence of its improper motives for closing Sahai's claim: goals/metrics for claims examiners, the "incentive goal" of closing 40% of claims each month, the bonus program tied to them, the appeal-overturn rates its managers track, and the reviews of the examiner who recommended ending benefits. Lincoln did not object when the exhibits were admitted and displayed them to the jury through its own witness. It designated and played deposition testimony it now wants sealed. The jury took the exhibits into deliberation and found bad faith; judgment has been entered. Lincoln's Motion confronts none of this. It points to an irrelevant protective order and a declaration from a dubious source asserting disclosure "may" help unnamed competitors in unexplained ways. These are not compelling reasons to seal the record of a public trial.

## *I. BACKGROUND*

Before trial, Lincoln objected to Exhibits 302, 306 and 309 on relevance, Rule 403 and completeness grounds, never confidentiality, and never asked to seal or redact them. Lincoln's counsel said "no objection" when each was admitted. (Trial Tr. ("TT") Vol. 2 at 264, 270, 274 (Dawson Declaration, Ex. 1).) They were displayed and went into the jury room. (TT Vol. 4 at 614 (Dawson Decl. Ex. 2).) On direct examination of Schaapveld, Lincoln's counsel displayed pages from Exhibits 302 and 306 and had Schaapveld explain the goals and metrics, the 40% return-to-work goal, Borboa's appeal numbers, and the bonus plan. (TT Vol. 6 at 817-33 (Dawson Decl. Ex. 3).) Those 16 pages of its own examination are on its list. The deposition excerpts were played in open court and include Lincoln's own Borboa designations (67:8-68:17). Lincoln never asked to close the courtroom or designated testimony as protected on the record, as the protective order requires. (Doc. 32-1 § 5.2(b).) The interrogatory response was read aloud as the jury followed on screen. (TT Vol. 4 at 599-602 (Dawson Decl. Ex. 2).)

A week after the verdict, Lincoln moves to seal the three exhibits whole, scores of deposition excerpts, 16 pages of trial testimony, and the interrogatory response under one label: "trade secrets and/or employment records." Its only evidence is a declaration from Schaapveld, a claims manager Lincoln successfully argued is not a managing agent and has no

authority over corporate policy. Doc. 214 at 3-4. Plaintiff's counsel reserved a position until the materials were identified (Hess Decl. ¶ 2); the request covers the heart of the trial record.

## ARGUMENT

### A. Compelling reasons are required, and the presumption of access is strongest for evidence tried to a jury.

Lincoln concedes (Doc. 224 at 3) it must overcome "a strong presumption in favor of access" with "compelling reasons supported by specific factual findings," not "hypothesis or conjecture." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). But the standard applies here at full strength: "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process." *Id.*; *see Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 946 (9th Cir. 1998) ("One of the most enduring and exceptional aspects of Anglo-American justice is an open public trial."). Every authority Lincoln cites involved pretrial materials, most stipulated or unopposed; none involved evidence a jury used to decide a case.

### B. Lincoln waived any claim to seal already-public material.

"Secrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). Courts apply that principle to deny post-trial sealing requests. Exhibits "published or discussed in open court, [are] no longer confidential and Defendants have waived the right to have the exhibit sealed," because once "disclosed in open court... 'there is no longer a favorable presumption of public access; rather, there is public access.'" *Booker v. C.R. Bard, Inc.*, 2018 WL 3721373, at *3 (D. Ariz. Aug. 3, 2018) (quoting *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012)). "[B]y permitting the exhibits to become public judicial records through their admission into evidence at trial, Defendants waived their right to have the exhibits sealed," whether or not every page was displayed. *In re Bard IVC Filters Prods. Liab. Litig.*, 2019 WL 186644, at *2-4 (D. Ariz. Jan. 14, 2019). In *Hunton v. American Zurich Ins. Co.*, a bad-faith case, the court unsealed trial exhibits because the insurer "waived the confidentiality of the

exhibits at issue by not objecting to their unsealed admission at trial," and denied a stay: "[t]he proverbial cat is already out of the bag." No. CV-16-00539-PHX-DLR, Doc. 381 at 2, 5 (D. Ariz. Jan. 31, 2019). And public information cannot be a trade secret. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984).

This record is stronger still. Lincoln did not merely fail to object; it consented to admission, displayed the exhibits through its own witness, and designated and played deposition testimony it now wants sealed. It ignored the protective order's mechanism for confidentiality at trial. The public has seen everything on Lincoln's list: in the courtroom, the jury room, and a transcript on file for two weeks. Sealing now would only make the trial record unreadable.

### C. The protective order forecloses, not supports, the Motion.

Lincoln says the order "recognizes the confidential and sensitive nature of the Material." (Doc. 224 at 2.) It says the opposite. The order "does not confer blanket protections on all disclosures," "does not entitle [the parties] to file confidential information under seal," and defers to "Local Rule 79-5… [and] the standards that will be applied." (Doc. 32-1 § 1.) It excludes information that "becomes part of the public domain… including becoming part of the public record through trial," and provides that "[a]ny use of Protected Material at trial shall be governed by a separate agreement or order." (*Id.* § 3.) None exists, which is why *Bard* found waiver. 2019 WL 186644, at *3.

The law is the same. Reliance on a blanket protective order obtained "without making a particularized showing of good cause with respect to any individual document" is unreasonable, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003), and "is not a 'compelling reason' that rebuts the presumption of access." *Kamakana*, 447 F.3d at 1183; *see* Civ. L.R. 79-5(c). Lincoln's recital that its interrogatory answer is "confidential and subject to the protective order" is self-designation, not a finding.

### D. Lincoln's conclusory showing rests on a disowned witness.

Schaapveld states disclosure "would undermine Lincoln's competitive advantage," "may be used by Lincoln's competitors... with respect to hiring and retaining employees," and "could

harm Lincoln's business" in "the sale and marketing of disability insurance policies." Schaapveld Decl. ¶¶ 6-7. He never says how, or what a competitor would do with a 40% closure target, a "3.0 – Solid Performance" rating, or the ratio of successful appeals. These are "conclusory statements about the content of the documents" that "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access." *Kamakana*, 447 F.3d at 1182. Nor may Lincoln meet its burden by sorting everything into one category. *Id.* at 1184 ("Simply mentioning a general category... without any further elaboration or any specific linkage with the documents, does not satisfy the burden."); *Booker*, 2018 WL 3721373, at *4 (declaration that information "would be of economic value to Bard's competitors," without explaining why "with respect to any particular document," insufficient).

Worse, Lincoln argued, and the Court found, that Schaapveld had no involvement in this claim, is not a managing agent, and cannot set or change corporate policy. When Plaintiff asked that he remain to testify to Lincoln's finances, Lincoln argued: "He is a manager in the claims department.... He has absolutely zero knowledge of company financials, liabilities, and assets, and would be no more capable, foundation-wise, of testifying to that than anyone off the street." (TT Vol. 6 at 1014:17-1015:6, 1030:16-21 (Dawson Decl. Ex. 3).) Lincoln now offers him as its only evidence of its "competitive advantage," hiring and retention strategy, and "sale and marketing" of policies. (Schaapveld Decl. ¶6.) A declaration cannot supply "specific factual findings" on matters its author, according to Lincoln, knows nothing about.

### E. Overbroad, and the harm Lincoln fears is not cognizable.

Civil L.R. 79-5 requires a party to "avoid wherever possible sealing entire documents," to explain "why a less restrictive alternative to sealing is not sufficient," and to propose an order "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(a), (c). Lincoln devotes one sentence to the point and asks to seal every exhibit whole. Exhibit 309 runs roughly 80 pages; 13 (LIN002707-2719) restate California's Fair Claims Settlement Practices regulations, and others explain how to read a SOAP note or recite Labor Department definitions. The Reeves excerpts merely identify a services agreement and four scope bullets. The interrogatory

response gives aggregate annual counts for a public company. Lincoln does not explain how any of this is a trade secret; the Court should not do that work for it. *Munoz v. GEICO Gen. Ins. Co.*, No. 4:19-cv-03768 (N.D. Cal. Mar. 31, 2022) (refusing to seal "high-level information" about claims practices "critical to the public's understanding of Plaintiffs' allegations").

Lincoln's real concern is not that competitors will copy this evidence, but that other claimants will see it. The Ninth Circuit rejects this concern: disclosure "might harm State Farm by exposing it to additional liability and litigation... but a litigant is not entitled to the court's protection from this type of harm." *Foltz*, 331 F.3d at 1137; *Kamakana*, 447 F.3d at 1179. The public interest runs the other way. A jury found this insurer failed to fairly investigate a claim; the guidelines, metrics, incentives, and overturn rates were the evidence of why.

### F. Borboa's reviews are not private personnel records here.

Borboa was not a bystander. She recommended closing Sahai's claim; she, her manager, and Lincoln's corporate designee testified about these reviews; and Lincoln's counsel displayed them to the jury and asked Schaapveld to interpret them. (TT Vol. 6 at 827-29 (Dawson Decl. Ex. 3).) The reviews contain no Social Security number, home address, date of birth, or financial information. They record favorable ratings, a promotion, and Borboa's own account of meeting "the incentive goal of closing 35% or more claims a month" - central to the claim the jury decided. Lincoln's personnel-file cases involved pretrial records of uninvolved employees, and hold that the remedy for private details is redaction, not sealing. *See Doyle v. Galderma, Inc.*, 2021 WL 4926999, at *2 (N.D. Cal. Apr. 27, 2021) (denying sealing of personnel documents that "can easily be further redacted," quoting *Foltz*, 331 F.3d at 1137); *Pryor v. City of Clearlake*, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012) (sealing files of officers in an unrelated incident given their "lack of relevance"). Sahai does not oppose redacting any genuine personal identifiers or contact information in Exhibit 309 (she is aware of none) - the only relief the law permits here.

## CONCLUSION

The Motion should be denied.

Date: October 15, 2026

DAWSON & ROSENTHAL, P.C.

*/s/ Aaron Dawson*
Aaron Dawson

HHJ TRIAL ATTORNEYS
Michael Hernandez

*Attorneys for Plaintiff*
*Nupur Sahai*