# EXHIBIT 2

Trial Transcript, Vol. 4 (September 25, 2026) (excerpts)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SAHAI, | ) | 5:24-CV-07791-NC |
| PLAINTIFF, | ) | SAN JOSE, CALIFORNIA |
| VS. | ) | SEPTEMBER 25, 2026 |
| LINCOLN FINANCIAL GROUP, INC., ET AL. | ) | VOLUME 4 |
| | ) | PAGES 441 - 619 |
| DEFENDANT. | ) | |

TRANSCRIPT OF CIVIL JURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE NATHANAEL M. COUSINS
UNITED STATES CHIEF MAGISTRATE JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF: HEPURN, HERNANDEZ & JUNG
2175 SALK AVENUE, SUITE 180
CARLSBAD, CA 92008
**BY: MICHAEL PATRICK HERNANDEZ**

FOR THE DEFENDANT: MAYNARD NEXSEN PC
2121 AVENUE OF THE STARS, SUITE 650
LOS ANGELES, CA 90067
**BY: ROBERT EDWARD HESS**

(APPEARANCES CONTINUED ON THE FOLLOWING PAGE.)

OFFICIAL COURT REPORTER: TIFFANY SALINAS-HARWELL, RPR
CERTIFICATE NUMBER 971863

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

A P P E A R A N C E S: (CONTINUED.)

FOR THE PLAINTIFF: DAWSON & ROSENTHAL, PC
421 W. BROADWAY, UNIT 380
SAN DIEGO, CA 92101
**BY: AARON M. DAWSON**

FOR THE PLAINTIFF: DAWSON & ROSENTHAL, PC
421 W. BROADWAY, UNIT 380
SAN DIEGO, CA 92101
**BY: GARY TRAYLOR**

FOR THE DEFENDANT: MAYNARD NEXSEN PC
1901 6TH AVENUE NORTH, SUITE 1700
BIRMINGHAM, AL 35203
**BY: MICHAEL DOUGLAS MULVANEY**

FOR THE DEFENDANT: MAYNARD NEXSEN LLP
201 CALIFORNIA STREET, SUITE 400
SAN FRANCISCO, CA 94111
**BY: CHARAN M. HIGBEE**

ALSO PRESENT: **PAULA MCGEE, LINCOLN VP AND SENIOR COUNSEL**

**ERIC DUNBAR, TRIAL TECHNICIAN**

**THE COURT:** YES READ THE ENTIRE RESPONSE.

**MR. DAWSON::** I APOLOGIZE.

"LINCOLN OBJECTS TO THIS INTERROGATORY ON THE GROUNDS THAT IT IS VAGUE AND AMBIGUOUS AS TO THE MEANING OF DID NOT SUPPORT THE PAYMENT BENEFITS. PHYSICIAN REVIEWERS GENERALLY PROVIDE INFORMATION AS TO AN INDIVIDUAL CLAIMANT'S PHYSICAL OR MENTAL HEALTH RESTRICTIONS AND LIMITATIONS, AND DO NOT OPINE AS TO WHETHER THE CLAIMANT IS DISABLED OR WHETHER DISABILITY BENEFITS SHOULD BE PAID. THE INTERROGATORY THEREFORE IS MISLEADING AND ARGUMENTATIVE.

LINCOLN OBJECTS TO THIS INTERROGATORY ON THE GROUNDS THAT IT SEEKS INFORMATION THAT IS BEYOND THE PERMISSIBLE SCOPE OF DISCOVERY, INCLUDING BECAUSE IT IS NOT RELEVANT TO THE CLAIMS OR DEFENSES IN THIS ACTION AND IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE, AS THE INFORMATION WILL NOT BE IMPORTANT IN RESOLVING THE ISSUES, AND THE BURDEN OR EXPENSE OF THE PROPOSED DISCOVERY OUTWEIGHS ITS LIKELY BENEFIT.

BETWEEN JANUARY 1ST, 2022, AND JUNE 1, 2023, LINCOLN HANDLED A MULTITUDE OF DISABILITY CLAIMS IN WHICH IT SOUGHT PHYSICIAN REVIEWS. THE NUMBER OF REVIEWS CONDUCTED --

**THE COURT:** I'M SORRY. AT LEAST ON MY SCREEN WE'VE GONE PAST WHERE YOUR READING. SO AS FAR AS WHAT'S BEING PRESENTED.

KEEP GOING. I WANT THE JURY TO SEE WHAT YOU'RE READING AT THE SAME TIME.

BETWEEN JANUARY 1ST, 2022, AND JUNE 1ST, 2023, LINCOLN HANDLED A MULTITUDE OF DISABILITY CLAIMS IN WHICH IT SOUGHT PHYSICIAN REVIEWS. THE NUMBER OF REVIEWS CONDUCTED BY ANY ONE MEDICAL CONSULTANT WILL NOT PROVIDE INFORMATION AS TO WHETHER PLAINTIFFS MET THE DEFINITION OF DISABILITY UNDER THE GROUP POLICY AFTER MAY 20, 2023, NOR PROVIDE EVIDENCE TO SUPPORT THAT LINCOLN ACTED IN BAD FAITH AS PLAINTIFF ALLEGES. A PHYSICIAN'S CONCLUSION IN ANOTHER CASE BASED ON OTHER FACTS IS IRRELEVANT IN THIS CASE, GIVEN THE NATURE OF THE CLAIM REVIEW PROCESS AND THE DIFFERING AND UNIQUE FACTS AND CIRCUMSTANCES OF EACH INDIVIDUAL CLAIMANT. THE INFORMATION SOUGHT IN THIS REQUEST WILL HAVE LITTLE TO NO STATISTICAL VALUE RELATIVE TO THE ISSUE OF ALLEGED BIAS. MEDICAL REVIEWERS DO NOT HAVE AUTHORITY TO MAKE CLAIM DETERMINATIONS; RATHER, THEY ANSWER SPECIFIC QUESTIONS POSED BY THE CLAIMS APPEALS EXAMINERS. THE ACTUAL CLAIM DETERMINATIONS ARE MADE BASED ON THE ENTIRETY OF THE RECORD, WHICH MAY INCLUDE REPORTS FROM INTERNAL PHYSICIANS, TREATING PHYSICIANS, VOCATIONAL ASSESSMENTS, FUNCTIONAL CAPACITY EVALUATIONS, ETC.

THE CLAIM APPROVAL OR DENIAL IS NOT NECESSARILY PREMISED UPON ANY PARTICULAR MEDICAL RECORDS REVIEW THAT PRECEDES THAT DETERMINATION. LINCOLN ASKS MEDICAL CONSULTANTS ABOUT CLAIMANTS' RESTRICTIONS AND LIMITATIONS, A MEDICAL QUESTION, NOT WHETHER CLAIMANTS MEET ANY PARTICULAR DEFINITION OF DISABILITY, A CLAIMS DETERMINATION QUESTION.

ADDITIONALLY, BECAUSE DISABILITY INSURANCE POLICIES TYPICALLY REQUIRE ONGOING PROOF OF DISABILITY, CLAIMANTS' CONDITIONS OFTEN CHANGE OVER TIME. THE CLAIMS PROCESS MAY INCLUDE MULTIPLE MEDICAL REVIEWS, APPROVALS, DENIALS, TERMINATIONS, AND DECISIONS TO REVERSE A PRIOR CLAIM, APPROVAL, OR DENIAL.

DETERMINING WHETHER THERE WAS ANY CAUSAL CONNECTION BETWEEN MEDICAL REVIEW AND A CLAIM DENIAL FOR ANY PARTICULAR CLAIM WOULD REQUIRE A MANUAL REVIEW OF EACH AND EVERY CLAIM FILE. EVEN THEN, THE REVIEWER WOULD HAVE TO MAKE A JUDGMENT CALL BASED UPON THE INFORMATION CONTAINED IN A PARTICULAR FILE AS TO WHETHER THE CLAIM DETERMINATION WAS BASED UPON THE RESULTS OF A MEDICAL REVIEW, THE PARTIES WOULD THEN DISPUTE THE MERITS OF THE REVIEWS DONE WITH RESPECT TO OTHER CLAIMS, AS WELL AS ENGAGE IN A HOPELESS COMPARISON BETWEEN THE FACTS OF THE OTHER CLAIMS AND THIS CLAIM.

IN SUM, THE INFORMATION SOUGHT HERE IS MEANINGLESS IN A VACUUM. TO PROVIDE CONTEXT AND TO GIVE THE INFORMATION ANY SORT OF MEANING WOULD REQUIRE EXTENSIVE TIME, EFFORT, AND EXPENSE, WHICH IS SUBSTANTIALLY OUTWEIGHED BY ANY PROBATIVE VALUE IT MIGHT HAVE IN THIS CASE. PLAINTIFF SEEKS THIS INFORMATION OSTENSIBLY TO TRY TO ESTABLISH THAT DR. FLORES HAD A FINANCIAL INCENTIVE TO RENDER BIASED OPINIONS IN CONNECTION WITH HER DISABILITY CLAIM. HOWEVER, SUCH BATTING AVERAGE STATISTICS RELATING TO THE OUTCOME OF CLAIM DETERMINATIONS ARE

NOT REFLECTIVE OF THE OVERALL CLAIMS EXPERIENCE OF THE ENTIRE POPULATION OF BANKING'S INSUREDS, INCLUDING UNDER THE SUBJECT GROUP POLICY, AND THUS NOT REFLECTIVE OF WHAT THE FINANCIAL CONSIDERATIONS TAINTED THE REVIEW PROCESS IN THIS CASE.

MEDICAL REVIEWS ONLY TAKE PLACE WITH RESPECT TO CLAIMS WHERE DISABILITY IS NOT CLEAR. IF DISABILITY IS CLEAR, NO REVIEW TAKES PLACE, AND SUCH REVIEWS ARE ONLY ONE VARIABLE IN THE CLAIM DETERMINATION. BECAUSE THE NUMBER OF MEDICAL REVIEWS CONDUCTED WHERE THERE ARE SERIOUS QUESTIONS REGARDING THE RIGHT TO BENEFITS IS MUCH HIGHER THAN THE NUMBER OF MEDICAL REVIEWS WHERE THERE ARE NO SUCH QUESTIONS, ANY RAW DATA REGARDING THE NUMBER OF CLAIMS REVIEWED AND THE RESULTS OF SUCH REVIEWS PROVIDE SKEWED AND MEANINGLESS INFORMATION.

WITHOUT WAIVING THESE OBJECTIONS, LINCOLN RESPONDS AS FOLLOWS TO, INTERROGATORY NUMBER 20 AND STATES THE FOLLOWING INFORMATION IS CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER ENTERED IN THIS CASE: DR. FLORES CONDUCTED 128 PHYSICIAN REVIEWS FOR LINCOLN IN 2022, HE CONDUCTED 217 PHYSICIAN REVIEWS IN 2023. FOR CONTEXT, LINCOLN RECEIVED 503,792 NEW DISABILITY CLAIMS IN 2022, AND 458,346 NEW DISABILITY CLAIMS IN 2023. THESE NUMBERS DO NOT INCLUDE ONGOING CLAIMS.

FOR ADDITIONAL CONTEXT, LINCOLN MADE 50,775 PHYSICIAN REFERRALS IN 2022, AND 52,302 PHYSICIAN REFERRALS IN 2028.

**THE COURT:** THANK YOU. ANYTHING FURTHER ON THE INTERROGATORIES?

GET ALL EXCITED AND SCRAMBLED AROUND.

SO IF WE CAN AVOID ANY SCRAMBLING, THAT'S GOOD. BUT I THINK THE AMOUNT OF EXHIBITS IS VERY TANGIBLE AND SHOULD BE FINE.

BEYOND THAT, YOU AT PRETRIAL STIPULATED TO THE ENTIRE CLAIM FILE BEING ADMISSIBLE, AND MANY PARTS OF IT HAVE BEEN ADMITTED. I'M GOING TO GIVE THE JURY EVERYTHING THAT HAS BEEN ADMITTED, NOT EVERYTHING THAT IS ADMISSIBLE, BECAUSE I'M GOING TO GIVE THEM WHAT THEY NEED, BUT NOT MORE THAN WHAT THEY NEED.

AND THE EVIDENCE IS NOT CLOSED, SO YOU CAN STILL THINK ABOUT THESE THINGS. BUT I DID WANT TO EMPHASIZE THAT ANYTHING THAT'S NOT MOVED INTO EVIDENCE AND ADMITTED INTO EVIDENCE IS NOT GOING TO BE IN EVIDENCE. SO IF THERE ARE REMAINING PARTS OF THE CLAIM FILE OR ANYTHING ELSE, YOU STILL GOT TIME TO MOVE THEM INTO EVIDENCE, AND THAT'S WHAT WE'RE GOING TO HEAR THE JURY USE.

**MR. DAWSON::** QUESTION, YOUR HONOR. I WAS GOING TO ASK THERE ARE TWO EXHIBITS THAT WERE USED TODAY, 16 AND 91, AND I WANTED TO MAKE SURE THAT THEY WERE MOVED INTO EVIDENCE. BUT I REALIZED PERHAPS THERE'S NO REASON TO DO IT RIGHT NOW. IT COULD BE DONE ON MONDAY.

**THE COURT:** LET'S STRIKE WHILE THE IRON'S HOT. ONE SECOND. I'VE GOT 16 AS BEING IN.

**MR. DAWSON::** OKAY.

**THE COURT:** AND 91 ALSO IS IN.

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.



TIFFANY SALINAS-HARWELL
CERTIFICATE NUMBER 971863

DATED: SEPTEMBER 25, 2026