United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUPUR SAHAI,<br>Plaintiff,<br>v.<br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | Case No. 24-cv-07791-NC<br>**ORDER DENYING LINCOLN'S MOTION TO SEAL**<br>Re: ECF 224 |

Lincoln asks the Court to issue an order sealing material related to its' internal governance and employees presented on the record at the trial in this action. ECF 224 at 3.

"In this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). "[T]he party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* (internal citations and quotations omitted). Sufficient compelling reasons generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous

statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

"Once a document becomes a part of the official record, it is much harder to justify sealing." *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1122 (D. Or. 2003) (citing *Foltz*, 331 F.3d at 1134–36). "This includes exhibits received into evidence, [and] trial transcripts . . . ." *Id.* (citing same).

Lincoln has failed to present compelling reasons to seal this material. First, Lincoln did not request the Court to be sealed during any portions of the trial or file the exhibits at issue under seal before being presented in open court. "Both the Ninth Circuit and this [district] have held that material that has been publicly disclosed cannot be protected." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) (collecting cases). This Court agrees.

Second, Lincoln has failed to present "compelling reasons" for sealing beyond stating that information is confidential and proprietary and could be used by its' competitors. ECF 224 at 5–6. "Simply mentioning a general category of privilege" is insufficient to justify sealing documents from the public. *See Kamakana*, 447 F.3d at 1179. Hence, alleged confidentiality alone does not provide a compelling reason. *See id.* This is particularly true when the parties presented that information at trial. *See In re Google*, 2014 WL 10537440, at *5.

Additionally, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79–5, including to "narrowly tailor" their requests only to sealable material. Lincoln has failed to do so here, instead asking to seal three exhibits in their entirety and significant portions of testimony presented at trial. ECF 224 at 2–3.

Accordingly, the Court DENIES Lincoln's Motion to file this material under seal.

**IT IS SO ORDERED.**

Dated: October 16, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge